UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff, | : | |
| | : | |
|     v. | : | Case No. 1:14-cv-56-jgm |
| | : | |
| $29,008 IN UNITED STATES CURRENCY, | : | |
|     Defendant, | : | |
| | : | |
| HEIDI HAUSLER, | : | |
|     Claimant. | : | |

ORDER
(Docs. 9, 10, 11)

I.  Introduction

The Government filed this forfeiture action against $29,008.00 in currency ("the Currency") discovered in the backpack of a burglar. It alleges the Currency comprises the direct or indirect proceeds of illicit drug transactions. (Doc. 1 ¶ 10.) Claimant Heidi Hausler moves to suppress evidence used against the Currency (Doc. 9), to dismiss the forfeiture action (Docs. 9, 11), to strike ¶ 9 of the Complaint (Doc. 10), and for return of the Currency (Doc. 11). For reasons to be discussed, Claimant's motions are DENIED.

II.  Background

On July 2, 2013, Kyle Burkett burglarized the home of Heidi Hausler and her boyfriend, Nicholas Adams. (Doc. 1 ¶ 7.) Shortly after the burglary, Burkett was arrested and admitted to stealing the Currency, which was in his backpack. (See id.) With Burkett's consent, the police searched his backpack and found the Currency within a bag. (See id. ¶ 7.) A trained dog later "alerted" to the Currency, indicating it was contaminated by illicit drugs. (See id.) The Complaint also alleges Adams was a drug dealer, Hausler and Adams's house contained many plastic bags of

the type associated with drugs, and Hausler and Adams lived a more affluent lifestyle than justified by their legitimate incomes.  (Id. ¶ 8.)  Adams had sold cocaine to police in two controlled buys in 2011, and in 2013 a reliable informant had told police Adams was dealing cocaine.  (See id.)  Although Hausler told police the Currency came from tips at work, earnings records show Hausler earned far less than $29,008.00.  (See id. ¶ 9.)

On March 25, 2014, the Government instituted the present forfeiture action under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 983.  (Doc. 1.)  On July 7, 2014, Claimant Hausler responded by filing the present motions.  (Docs. 9, 10, 11.)

III.  Motion to Suppress

First, Hausler moves to suppress the use of the Currency on the theory that police violated her Fourth Amendment rights when they searched the contents of Burkett's backpack.  (Doc. 9 at 5-7.)  The Fourth Amendment exclusionary rule can apply in a forfeiture action.  See United States v. $557,933.89, More or Less, in U.S. Funds, 287 F.3d 66, 80 (2d Cir. 2002).  Even if Hausler has Fourth Amendment standing, there was no violation of the Fourth Amendment because police had proper consent to search Burkett's backpack and reasonably believed he had authority over the backpack and its contents.  See United States v. Hayes, No. 2:05-cr-52, 2006 WL 6307297, at *3 (D. Vt. May 5, 2006) (under the doctrine of apparent authority, it is sufficient if the Government shows officers reasonably believed a consenting individual had authority over the subject of the search).  Consent to search the backpack was consent to search all items within it that were reasonably likely to contain the announced object of the search, the Currency.  See United States v. Marquez, 946 F. Supp. 257, 259 (S.D.N.Y. 1996), aff'd, 125 F.3d 845 (2d Cir. 1997) (finding a defendant's consent to search a backpack extends to a brown bag within when officers indicated they were searching for

drugs, because it was reasonable drugs could be kept in the bag).  Burkett admitted to taking the Currency, was aware the officers were looking for it, and consented to a search of the backpack.

Second, Hausler moves to suppress the use of the alert of trained dog K9 "Tom."  (Doc. 9 at 7.)  A trained dog's sniff of an object outside the curtilage of a home, however, does not implicate the Fourth Amendment because Hausler does not have a legitimate expectation of privacy in the drug residue scent on the Currency.  See United States v. Hayes, 551 F.3d 138, 143 (2d Cir. 2008) (finding no Fourth Amendment violation when a trained dog's sniff identifies cocaine because "[a] Fourth Amendment 'search' . . . does not occur unless the search invades an object or area where one has a subjective expectation of privacy that society is prepared to accept as objectively reasonable").  Hausler's motion to suppress K9 Tom's alert is denied.

IV.     Motions to Dismiss

Hausler argues the Complaint should be dismissed due to "lack of evidence" (Doc. 9), and failure to state a claim (Doc. 11).  Because Hausler's motion to suppress fails[1] and because the Government has sufficiently stated its claim, the motions to dismiss are denied.  In order to survive, the Government's Complaint need only allege "sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial."  Fed. R. Civ. P. Supp. Rule G(2)(f).  The Government need not set forth all its evidence within the complaint to satisfy Rule G.  See 18 U.S.C. § 983(c)(2) (the Government may use other evidence gathered after filing a forfeiture complaint).  Here, the Government states sufficient facts to survive a motion to dismiss by alleging Hausler and Adams lived beyond their legitimate income; Hausler could not account for

---

[1]Even if Hausler's motion to suppress had succeeded, "suppression does not affect forfeiture of the property based on independently derived evidence."  Fed. R. Civ. P. Supp. Rule G(8); see also United States v. $37,780 In U.S. Currency, 920 F.2d 159, 163 (2d Cir. 1990) (finding "the property itself cannot be excluded from the forfeiture action, and that evidence obtained independent of the illegal seizure may be used in the forfeiture action").

the Currency based on her legitimate income; plastic bags similar to those used in the drug trade were in Hausler and Adams's apartment; Adams had two convictions for possession of cocaine in two controlled buys; Adams had sold cocaine to police twice; and a reliable informant had told police Adams had sold cocaine in 2013.  See United States v. $22,173.00 in U.S. Currency, No. 09 Civ. 7386, 2010 WL 1328953, at *3 (S.D.N.Y. Apr. 5, 2010) (finding sufficient an asset forfeiture complaint stating numerous plastic bags were found at the residence, the claimant had a criminal history with drugs, and a small amount of drugs were found).

V.      Motion to Strike

Hausler moves to strike portions of the Complaint on the ground that the Government relies on past earnings records her attorney produced in the course of settlement negotiations. (Doc. 10.)  She contends these materials are inadmissible under Rule 408 of the Federal Rules of Evidence.  See Fed. R. Evid. 408(a)(2) (evidence of "conduct or a statement made during compromise negotiations about a claim" is inadmissible).  Hausler's earnings records, however, are pre-existing documents created by her employer and were therefore discoverable independent of any settlement discussions.  See Fed. R. Evid. 408 advisory committee note ("[T]he Rule cannot be read to protect pre-existing information simply because it was presented to the adversary in compromise negotiations.").  Hausler cannot make discoverable evidence inadmissible by introducing it in the course of negotiation.  Hausler's motion to strike is denied.

VI.     Motion to Return the Currency

Hausler moves for the return of the Currency on the basis that the Government has failed to state a claim.  (Doc. 11.)  Because the Court denies Hausler's motions to dismiss and finds the Government has, at this stage, sufficiently stated a claim, the Court denies Hausler's motion to return the Currency.

VII.    Conclusion

For the foregoing reasons, Claimant Hausler's motions (Docs. 9, 10, 11) are DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 27th day of October, 2014.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge